REID ET AL. *v.* DAYTON TITLE COMPANY ET AL.

(No. D-92860—Decided January 7, 1972.)

Municipal Court of Dayton, Ohio, Civil Division.

*Mr. Robert Brown*, for plaintiffs.
*Messrs. Pickrel, Schaeffer & Ebeling*, for defendants.

KILPATRICK, J. This case is before the court on motions for summary judgment filed on behalf of plaintiffs and on behalf of Alan Bond Flacks, Minster Insurance Co., and English and American Insurance Company, co-defendants. The three co-defendants were substituted for Lloyds of London by agreed entry filed in this court April 30, 1971, because they were the underwriters for Lloyds.

This case appears to be a classic case for the application of Rule 56, Ohio Rules of Civil Procedure, which provides for summary judgment. The facts, undisputed, are briefly:

Plaintiffs requested an examination of title of Hall and Swaninger, Inc., and received it on May 14, 1965, for a lot in West Alexandria, Preble County, Ohio. The written report of the examination certified that there were no unreleased living judgments, disclosed by the public indices of the records of Preble County, Ohio. In fact, there were of record three unreleased certificates of judgment against the property which plaintiffs discovered on September 19, 1968. Plaintiffs paid $893.88 to have the liens released.

Hall and Swaninger, Inc., had purchased from Lloyds

of London a Title Abstractors Indemnity Policy for a term beginning July 15, 1963 and ending July 15, 1966. The pertinent part of the insuring agreement in the policy reads as follows:

"To indemnify the insured to the extent provided herein and subject to the terms and conditions hereof, against liability and costs in respect to any claim or claims which may be made against the insured during the subsistence of this policy by reason of any negligent act, error or omission whenever or wherever the same was or may have been committed or alleged to have been committed on the part of the assured. * * *"

In November 1969, suit was brought by plaintiffs for the $893.88 which resulted in a default judgment against the Dayton Title Company, successor to Hall and Swaninger, Inc.

The judgment against Dayton Title Company was not paid for more than thirty days. Under R. C. 3929.06, plaintiff filed a supplemental complaint against Lloyds and later agreed to substitute the three underwriters as codefendants as related above.

The only question involved here is one of law; namely, whether the policy which was in effect from July 15, 1963 to July 15, 1966, covers the error made by Hall and Swaninger, Inc., in May 1965, while the policy was in force, but discovered on September 19, 1968, after the policy had terminated.

Neither counsel nor the court discovered any Ohio case that gives any assistance in answering the question.

Counsel for defendants has cited several cases from jurisdictions other than Ohio. While these cases are not on all fours with the instant case, they are similar enough to be persuasive and do uphold the validity of provisions of professional error and omission policies similar to the one here. Particularly, *Zarpas, Inc.,* v. *Morrow* (D. New Jersey 1963), 215 F. Supp. 887, is helpful in that a distinction is made between "discovery" and "occurrence" type provisions; that is, the "occurrence" is what triggers liability pursuant to an insurance contract, such as the ordi-

nary automobile policy as distinguished from "discovery" policies where liability attaches pursuant to the contract of insurance triggered by the discovery and notice of the claim to the insured within the terms of the policy.

Under the reasoning of the *Zarpas* case, which in the opinion of this court is sound, the policy involved here is of the discovery variety; therefore, discovery of the basis of a claim is what causes liability to attach if the claim is covered by the policy. See also: *Brown Construction Company* v. *D & M Mechanical Contractors* (La. App. 1969), 222 So. 2d 93; *Rotwein* v. *General Accident Group* (New Jersey Superior Ct. 1968), 247 A. 2d 370; and *San Pedro Properties, Inc.*, v. *Sayre & Toso, Inc.* (Cal. App. 1962), 21 Cal. Reporter, 844.

While the disputed provision of the policy may not be common, it does appear to the court to be unambiguous. It says, simply, that subject to other terms and conditions of the policy, not here relevant, Lloyds will reimburse Hall and Swaninger, Inc., for liability and costs in respect to claims for negligence, errors or omissions against Hall and Swaninger, Inc., made between July 15, 1963 and July 15, 1966, no matter when the negligence, errors or omissions occurred.

If Hall and Swaninger, Inc., or their successors had renewed the policy for another three years, the error discovered by plaintiffs on September 19, 1968, would likely have been covered by the policy.

Applying the law to the undisputed facts, plaintiffs' motion for summary judgment must be denied and defendants' sustained. Accordingly, an appropriate entry may be prepared by counsel.

*Plaintiffs' motion denied.*