CONTINENTAL CASUALTY COMPANY v ENCO ASSOCIATES, INC.

1. JUDGMENT—SUMMARY JUDGMENT—DETERMINATION OF PROPRIETY—COURT RULES.

The propriety of a summary judgment granted under the court rules is determined from an examination of the pleadings, affidavits, depositions, admissions and documentary evidence presented to a court when a motion for summary judgment is heard (GCR 1963, 117.2[3]).

2. JUDGMENT—SUMMARY JUDGMENT—PROPER GRANTING—DEMONSTRATION OF RECORD.

A motion for summary judgment on the ground that there is no genuine issue of material fact should not be granted unless the record demonstrates that (1) all facts essential to the rendition of judgment on the claim or defense are not disputed by the parties, or (2) an essential element of proof of the claim or defense cannot be supplied.

3. INSURANCE—PROVISIONS OF POLICY—CONSTRUCTION.

An insurance policy provision is construed in accordance with the ordinary and popular sense of the language used, so as to avoid strained interpretations.

4. INSURANCE—PROFESSIONAL LIABILITY POLICIES—ARCHITECTS—ENGINEERS—CLAIMS—WORDS AND PHRASES—TELEPHONE CALLS.

A "claim" within the terms of an architects-engineers professional liability insurance policy covering errors, omissions, or negligent acts of the insured during the policy period was made by a telephone call to the insured from an alleged aggrieved party to a construction contract where the alleged aggrieved party informed a representative of the insured that design defects in parking garage ramps designed by the insured pursu-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Summary Judgment § 26.
[3] 43 Am Jur 2d, Insurance § 257.
[4] 44 Am Jur 2d, Insurance § 1429.
[5] 1 Am Jur 2d, Actions § 100 *et seq.*

ant to the construction contract had been discovered and that the insured would be held responsible.

5. PLEADING—CLAIMS—JOINDER—FAILURE TO OBJECT—WAIVER OF JOINDER—EFFECT—JUDGMENT—COURT RULES.

Failure by motion or at a pretrial conference to object to improper joinder of claims or to a failure to join claims required to be joined constitutes a waiver of the required joinder rules and the judgment shall not merge more than the claims actually litigated (GCR 1963, 203.1).

Appeal from Wayne, Theodore R. Bohn, J. Submitted November 13, 1975, at Detroit. (Docket No. 22304.)

Complaint by Continental Casualty Company against Enco Associates, Inc. and Sears, Roebuck and Company, for a declaratory judgment determining the respective rights of parties under a contract of insurance. Summary judgment for defendants. Plaintiff appeals. Reversed in part and affirmed in part.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.,* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James P. Feeney),* for defendant Enco Associates, Inc.

*Alexander, Buchanan & Seavitt,* for defendant Sears, Roebuck and Company.

Before: BASHARA, P. J., and D. F. WALSH and WHITE,* JJ.

D. F. WALSH, J. This is a declaratory judgment action filed to determine the respective rights of parties under a contract of insurance. The plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff, Continental Casualty Company (hereafter "Continental") appeals as of right from the entry of a summary judgment on the ground that there was no genuine issue of a material fact, GCR 1963, 117.2(3).

The facts are largely undisputed by the parties. It is basically the legal effect of their conduct which is at issue here. Continental had issued an architects-engineers professional liability policy to Enco Associates, Inc. (hereafter "Enco") providing liability coverage to Enco for its "errors, omissions or negligent acts" which occurred during the policy period *"if claim therefor is first made against the insured during this policy period".* (Emphasis supplied.) Coverage under the policy terminated on November 6, 1970.

In 1967 Enco had entered into a construction contract with Sears, Roebuck and Company (hereafter "Sears") to design parking garage ramps being constructed by Sears in White Plains, New York. In mid-1970 it became evident, at least to Sears and Enco, that major structural repairs would become necessary due to extensive cracking in various parts of the structure. Photographs of the damaged areas were sent along with correspondence from Sears' architect, Don Garrett, to Alvin Balmes of Enco on two occasions during the spring of 1970. Then on June 26, 1970, Enco sent one of its representatives, Himat Dagli, to New York to inspect the ramp structure along with Garrett. Dagli prepared a four-page report (also attached to Enco's motion) verifying and detailing the structural damage to the ramps and suggesting possible solutions. This report was sent to Sears on October 2, 1970. In an affidavit filed with the motion for summary judgment Garrett indicated that he informed Enco representative

Balmes by telephone—both during and after the Dagli inspection—that Sears intended to hold Enco responsible for the cost of repairs to the ramp.

It was not until January 13, 1972, that Enco forwarded to Continental a letter which Sears had written on December 8, 1971, formally informing Enco that Sears intended to hold it responsible for the costs of repairs of the parking ramp structure. Continental thereupon advised Enco that there would be no coverage, the claim not having been made during the policy period.

The Enco-Continental dispute is being litigated in the instant declaratory judgment action commenced by Continental, the central issue being whether the assertions made by Sears to Enco during the summer of 1970 constituted a "claim" against Enco within the terms of the insurance policy. Sears was named as a party defendant— along with Enco—as a potential third party beneficiary to the insurance contract. Meanwhile Continental has agreed—without waiver of any rights it may have under the policy—to defend Enco in a lawsuit Sears has filed against that company in the state of New York.

The propriety of a summary judgment granted under GCR 1963, 117.2(3), is determined from an examination of the pleadings, affidavits, depositions, admissions and documentary evidence presented to the trial court at the time of the motion hearing. The motion should not have been granted unless the record demonstrated that:

"(1) [A]ll facts essential to the rendition of judgment on the claim or defense are not disputed by the parties; or (2) an essential element of proof of the claim or defense cannot be supplied." 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1975 Pocket

Part, p 94. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

The essential facts in the instant case relate to the filing of a claim against Enco during the policy period. Enco has submitted affidavits in accordance with GCR 1963, 117.2(3) which refer to certain conversations and correspondence during the summer of 1970 between representatives of Sears and Enco with regard to the structural damage to the parking facility. Continental submitted no counter-affidavits, and understandably so, since it had no knowledge of any structural problems until January of 1972 when it first became aware of Sears' intent to hold Enco liable. It is apparent, therefore, that the essential facts were not disputed by the parties. Only the legal significance—with reference to the policy—of the 1970 conversations is at issue here. Resolution of that issue was properly determined by the court. Clearly there was no question of fact left for a jury to decide, and the trial judge was eminently correct in so ruling.

Continental next argues that the trial court erred in finding that the 1970 Sears-Enco communications constituted a claim within the terms of the policy. In deciding this it is elemental that the policy provision be construed "in accordance with the ordinary and popular sense of the language used, so as to avoid strained interpretations". *Cora v Patterson,* 55 Mich App 298, 300; 222 NW2d 221 (1974). Continental argues essentially that Sears never made a "demand for payment" or assertion of a right, as the word "claim" has variously been defined by our Supreme Court. See *Central Wholesale Co v Chesapeake & Ohio,* 366 Mich 138, 150; 114 NW2d 221 (1962), and *Allen v Board of State Auditors,* 122 Mich 324, 328; 81 NW 113 (1899), respectively. In our opinion Continental is splitting hairs on this issue. We concur with the trial court

that when Sears' architect Garrett telephoned Enco representative Balmes informing him that design faults had been discovered and that Enco would be held responsible, a "claim" was made in the ordinary sense of the word. The fact that Sears reiterated its intention formally in its December 8, 1971, letter does not make the earlier communication any less of a claim than it already was.

Although stated differently in the briefs the final issue is really whether Continental can be precluded by the instant judgment from asserting, in a subsequent action, any defense it failed to raise in this action. We hold that it cannot.

The procedure for obtaining declaratory relief is determined by the General Court Rules.[1] GCR 1963, 203.1 requires the joinder of all claims arising "out of the transaction or occurrence that is the subject-matter of the action". But the same rule also provides:

"Failure by motion or at the pretrial conference to object to improper joinder of claims or to a *failure to join claims required to be joined* constitutes a waiver of the required joinder rules and the *judgment shall not merge more than the claims actually litigated.* (Emphasis supplied.)

In this case there was no objection to Continental's failure to join all defenses accruing to it under the insurance policy which is the subject matter of this action.

Plaintiff's "lack of notice" defense, for example, was not litigated in the trial court. The judgment, therefore, cannot merge that defense (or any other unlitigated defense) with the defense actually litigated. Nor can it preclude plaintiff from raising such defenses in a subsequent action. Insofar as it purports to do so, the judgment of the trial court is

---

[1] GCR 1963, 521.2.

reversed. In all other respects the trial court judgment is affirmed.[2]

No costs, all parties having partially prevailed.

---

[2] Our ruling in this case is not to be understood to support any construction of the trial court judgment which would require appellant to pay under its policy an amount in excess of its policy limits. We have not considered that contention in this opinion since appellees agree that no such construction could be upheld.