581 P.2d 744 (1978)
FIRST NATIONAL BANK OF FLEMING, Plaintiff-Appellant,
v.
MARYLAND CASUALTY COMPANY, Defendant-Appellee, and
The United States of America, the Small Business Administration and Thomas E. Kleppe as Administrator of the Small Business Administration, Earl Kramer, Anthony Simeone, Simeone Brothers Potato Co., Inc., Waureka E. Simeone, William Simeone, and Nina Simeone, Defendants.
No. 77-567.
Colorado Court of Appeals, Div. 3.
June 29, 1978.
George L. Vamos, Denver, Carvell & Mullens, David T. Cumming, Colorado Springs, for plaintiff-appellant.
Weller, Friedrich, Hickisch & Hazlitt, H. Gayle Weller, Martin J. Andrew, Denver, for defendant-appellee.
SMITH, Judge.
Plaintiff, First National Bank of Fleming, appeals from a summary judgment entered against it in an action which it brought for indemnification under a banker's Blanket Bond. We affirm.
In 1969, the defendant, Maryland Casualty Company issued the bond in question to the plaintiff insuring the latter for loss up to $250,000. The bond contained the following pertinent provisions:
"The Underwriter [Maryland] . . . agrees with the Insured, in accordance with the Insuring Agreements hereof. . . and with respect to loss sustained by the Insured at any time, but discovered during the Bond Period, to indemnify and hold harmless the Insured for:
Loss through any dishonest or fraudulent acts of any of the Employees, committed anywhere and whether alone or in collusion with others. . .. . . . .

*745 At the earliest practicable moment after discovery of any loss hereunder the Insured shall give the Underwriter written notice thereof . . . . Legal proceedings for recovery of any loss hereunder shall not be brought . . . after the expiration of twenty-four months after the discovery of such loss."
On the motion for summary judgment below, the following chronology of events was established by affidavits, and is not in dispute. On December 23, 1970, the bank made a loan to the Simeone Brothers Potato Company. The loan was in the amount of $180,000. In April of 1972, it became apparent to the bank that payments on the Simeone loan had been delinquent and sporadic, and that the bank would, in all probability, sustain a loss on the loan. Thereafter, and for unrelated reasons, in September of 1972, Maryland cancelled the blanket bond insuring the bank.
On November 21, 1973, the bank discovered that a bank employee had knowingly assisted Simeone Brothers in preparing fraudulent financial statements in order to secure the loan. Admittedly the loan would not have been made but for this fraud. The bank immediately notified Maryland Casualty of their discovery and resulting loss, and on November 24, 1974, filed suit on the bond seeking recovery in the amount of $166,856.12.
Maryland Casualty moved for summary judgment, and the court granted the motion, and dismissed the action, stating inter alia, that the discovery in November of 1973 of fraud "was not during the bond period. . . and that plaintiff therefore had no cause of action against Maryland." Following dismissal, the plaintiff perfected this appeal.
Plaintiff's appeal is premised upon its contention that, although the insurable nature of the loss was not discovered until after the termination of the bond, the loss itself occurred during the period covered by the bond; however, we agree with the trial court that the loss here was not "discovered" during the period in which the Maryland Casualty policy was in effect.
There are no Colorado cases on the subject, but courts from other jurisdictions have consistently adhered to the principle that "discovery of the loss," in contracts such as this, means more than the mere knowledge that money is missing or is not adequately accounted for. See Wachovia Bank & Trust Co. v. Manufacturers Casualty Insurance Co., 171 F.Supp. 369 (M.D.N.C. 1959); United States Fidelity & Guaranty Co. v. Empire State Bank, 448 F.2d 360 (8th Cir. 1971); Jefferson Bank & Trust Co. v. Central Surety & Insurance Corp., 408 S.W.2d 825 (Mo.1966).
In Wachoviathe leading case on this questionthe court was called upon to interpret a clause identical in its operative terms to the one before us. On the day that the blanket bond in Wachovia was terminated by the surety, Wachovia Bank officials were aware of a $1,000 discrepancy indicated by their books. Several days later, the discrepancy was traced to a bank teller who had embezzled this and other money.
The court in Wachovia held that the loss had not been discovered during the pendency of the insurance coverage. It emphasized that a necessary element of discovery is an indication that the loss is an insurable one.
As stated in United States Fidelity & Guaranty v. Empire Bank, supra, discovery "imports an awareness of the significance of known facts" concerning the loss. In that case, the date of discovery was ruled to be the date on which "the Bank succeeded in substantiating any part of [the] charges" against its employee.
In applying the above principles to the instant case, it is sufficient for us to state that prior to the cancellation of the blanket bond, the plaintiff possessed at best a notion that the Simeone Brothers' loan would not be repaid. This knowledge does not rise to the stature of "discovery" of the employee's fraudulent acts under the contract, and the trial court properly so held in the motion for summary judgment.
Judgment affirmed.
PIERCE and KELLY, JJ., concur.