595 P.2d 1063 (1979)
JAMES J. BROGGER & ASSOCIATES, INC., Plaintiff-Appellant,
v.
AMERICAN MOTORISTS INSURANCE COMPANY and Risk Analysis and Research Corporation, Defendants-Appellees.
No. 78-306.
Colorado Court of Appeals, Division III.
May 17, 1979.
*1064 Herbert A. Shatz, Denver, for plaintiff-appellant.
Knapp & Lee, William H. Knapp, Denver, for defendants-appellees.
RULAND, Judge.
In an action for declaratory judgment, plaintiff, James J. Brogger & Associates, Incorporated, appeals from a judgment determining that defendants, American Motorists Insurance Company and Risk Analysis and Research Corporation, were not obligated to provide insurance coverage for Brogger in conjunction with a claim filed by one Bishop. We affirm.
The parties stipulated to the facts which are pertinent to this appeal. American issued a professional liability and comprehensive general liability policy to Brogger on March 15,1973. Risk Analysis assumed risk liability on the policy pursuant to a re-insurance agreement with American. On February 26, 1974, an agent for American corresponded with Brogger as follows:
"In our telephone conversation of last evening, you indicated that you probably would not be renewing your Professional Liability insurance when it expires on March 15. This decision has been reached by weighing what you consider to be the potential risk of claims against you in comparison to the premium charged for the insurance.
I will hope that you change your mind and decide to purchase the insurance . . . .
Should you drop the coverage, your protection will terminate as of March 15. Engineers and architects professional liability policies cover only claims brought during the policy period. Thus you will have no coverage for any claims brought after March 15, even though the error occurred during the time insurance was in force."
Brogger elected not to renew, and thus the subject policy was cancelled March 15, 1974.
Brogger signed a contract with the Town of Elizabeth to perform certain engineering services. On November 13, 1973, a civil action was commenced against Elizabeth by one Weaver and a third-party complaint was thereafter filed against Brogger on December 6, 1973. Brogger notified American approximately March 14, 1974, and coverage with regard to this claim was provided.
The action by Bishop was commenced January 8, 1975, against Elizabeth and a claim was made against Brogger by Elizabeth on March 21, 1975. Brogger informed American of the claim on approximately April 10, 1975, but American denied coverage.
The policy is generally described as a "discovery" or "claims made" insurance agreement. See 7 J. Appleman, Insurance Law & Practice § 4262 (Cum.Supp.1972). The pertinent provision of the policy provides:
"IV. Coverage Part IIPolicy Period; Territory This Coverage Part applies only to occurrences which take place
(a) during the policy period if claim is made or suit is brought during the policy period within the policy territory;
(b) prior to the policy period if claim is made or suit is brought during the policy period within the policy territory, provided *1065 (1) no insured had any knowledge of any such prior occurrence at the effective date of this insurance, and
(2) there is no other valid and collectible insurance available to the insured for any such occurrence." (Emphasis supplied.)
Brogger first contends that this provision is void as against public policy. In support of this contention, Brogger points to the fact that the insured under this policy has no control over the date an injured party may decide to assert a claim against the insured. Thus, Brogger reasons that the insured has no choice but to continue the insurance in force and that, therefore, the policy unduly restricts freedom of contract. We find no merit in this argument.
The policy does not restrict Brogger's freedom to contract by requiring him to insure with the same company, as was the case in Jones v. Continental Casualty Co., 123 N.J.Super. 353, 303 A.2d 91 (1973), and thus, Brogger's reliance on Jones is misplaced. Rather, Brogger may contract with any carrier which provides coverage for claims arising prior to the expiration date of the earlier policy, and he makes no attempt to establish that such coverage is unavailable. Conversely, we find no legislative or judicial public policy in this jurisdiction to which the contract is repugnant, and Brogger has cited none. Finally, the courts in other jurisdictions which have considered a similar challenge to this type of policy have rejected same. See, e. g., Livingston Parish School Board v. Fireman's Fund American Insurance Co., La., 282 So.2d 478 (1973); Gereboff v. Home Indemnity Co., R.I., 383 A.2d 1024 (1978); Rotwein v. General Accident Group, 103 N.J.Super. 406, 247 A.2d 370 (1968).
Brogger next contends that because both the Weaver and Bishop claims arose in connection with performance of his contract with Elizabeth, timely notification of the Weaver claim was sufficient to involve coverage for the Bishop claim as well. We must also reject this contention.
The Weaver claim is predicated upon an alleged trespass on Weaver's property "to locate and establish a sewer line." In contrast, Bishop seeks to recover for unlawful construction of "a large water tower, well and fencing . . . ." The claims involve different parcels of land and cover separate incidents. Hence, notification as to one claim may not be construed as notification of the other.
We have considered Brogger's other contentions and find them to be without merit.
Judgment affirmed.
BERMAN and KELLY, JJ., concur.