CIVIC ASSOCIATES, INC., Plaintiff,

v.

SECURITY INSURANCE COMPANY OF HARTFORD and Continental Casualty Company, Defendants.

Civ. A. No. 89–2206–V.

United States District Court, D. Kansas.

Oct. 16, 1990.

Robert L. Wehrman, Lisa A. Weixelman, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., Bruce Beye, Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., for Civic Associates, Inc.

John P. Connor, Federated Rural Elec. Ins. Corp., Lenexa, Kan., Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, Kan., Kurt D. Tilton, Thomas J. Leittem, Shughart, Thomson & Kilroy, Kansas City, Mo., for Security Ins. Co. of Hartford.

Michael G. Norris, Payne & Jones, Michael K. Seck, Fisher, Patterson, Sayler & Smith, Overland Park, Kan., for Continental Cas. Co.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case comes before the court on the motion of defendant Security Insurance Company of Hartford (Security) for summary judgment pursuant to Fed.R.Civ.P. 56(b) (Doc. 31). Plaintiff has responded and opposes defendant Security's motion (Doc. 38). For the reasons stated below, the motion is granted.

Originally, this declaratory judgment action involved two succeeding policies of insurance. The first policy was issued to plaintiff Civic Associates, Inc., by defendant Security, and the second policy was issued to plaintiff by defendant Continental Casualty Company (Continental). Plaintiff asserted a claim against both policies. Defendants denied coverage of the claim. Plaintiff brought a declaratory judgment action to ascertain the rights and obligations of the parties regarding the two

succeeding policies of insurance. On October 12, 1990, pursuant to an agreement between plaintiff and defendant Continental, we dismissed defendant Continental from this case without prejudice (Doc. 85). The only claims remaining in this action are those asserted against defendant Security. These claims are contested in the present motion.

*Factual Background*

The uncontroverted facts, as established by the materials submitted by the parties and the record of the case, appear as follows. Plaintiff is a small architectural and engineering firm incorporated in the State of Missouri. For the policy year March 1, 1987, at 12:01 a.m., through March 1, 1988, at 12:01 a.m., plaintiff carried insurance coverage in the form of an architects/engineers professional liability policy of insurance through defendant Security. For the subsequent policy year, March 1, 1988, to March 1, 1989, plaintiff purchased similar professional liability insurance from defendant Continental.

While insured by defendant Security, plaintiff performed work for Lockwood Properties, Inc. By January, 1988, Lockwood owed plaintiff approximately $300,-000 for services rendered. Over the next two months, plaintiff had numerous conversations with Lockwood concerning the collection of these fees. On February 26, 1988, Lockwood notified plaintiff, by letter, that it was concerned about plaintiff's apparent inability to complete projects in a timely, professional and satisfactory manner. At that time, plaintiff did not consider this a claim or a potential claim, but rather a ploy by Lockwood to avoid resolution of the fee situation.

On March 1, 1988, after plaintiff's policy of insurance with defendant Security had expired, plaintiff's president and chief executive officer, Thomas J. Langley, met with members of Lockwood in St. Louis, Missouri. At the meeting, Langley learned that Lockwood intended to assert a claim against plaintiff for negligent performance of professional services. On March 3, 1988, Langley informed plaintiff's insurance agent of the potential claim against it,

and instructed the agent to notify plaintiff's insurers of the potential claim. By letter, dated March 7, 1988, defendant Security denied coverage for the potential claim.

On April 26, 1988, Lockwood asserted a counter-claim against plaintiff in an arbitration proceeding previously instituted by plaintiff, styled *Civic Associates, Inc., Claimant v. Lockwood Commercial Properties, Inc., et al.,* Case No. 57 110 0031 88, pending before the American Arbitration Association, Kansas City, Missouri, seeking damages for breach of contract, negligent performance of services, negligent or fraudulent misrepresentations, interference with contractual relationships, invasion of Lockwoood's rights to privacy, libel, and failure to perform in a workmanlike manner. Plaintiff notified both defendants Security and Continental of the counter-claim. In a letter dated September 9, 1988, defendant Security again denied coverage for the claim and refused to provide plaintiff with either a defense or indemnification for defense. Likewise, in correspondence dated October 12, 1988, defendant Continental denied coverage for the claim and withdrew its defense of the case. On May 8, 1989, plaintiff filed this action for declaratory judgment.

*Standards for Summary Judgment*

■ A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court's proper inquiry is "whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may rea-

sonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claim(s). This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. Fed.R.Civ.P. 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment the burden shifts to the nonmoving party: "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden that the party will face at trial on the particular claim. *Id.* at 254, 106 S.Ct. at 2513.

*Choice of Law*

The threshold issue in this case is whether Kansas or Missouri law governs this case. In determining the applicable law, a federal court hearing a non-federal claim must apply the law of the state in which it sits, including that state's choice of law rules. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Robert A. Wachsler, Inc. v. Florafax Int'l, Inc.*, 778 F.2d 547, 549 (10th Cir.1985). Kansas courts apply the rule of *lex loci contractus* (the place where the contract was made) where the case involves contract law. *See Simms v. Metropolitan Life Ins. Co.*, 9 Kan.App.2d 640, 642, 685 P.2d 321 (1984).

Because the insurance in question in this case was issued in Missouri, we conclude that Missouri law governs the insurance contract between plaintiff and defendant Security.

*Discussion*

(1)

In its motion for summary judgment defendant Security asserts that plaintiff purchased a "claims made" policy of insurance. Defendant Security asserts that the uncontroverted facts reveal that plaintiff's claim did not arise and was not reported to defendant Security until after the policy had expired. For these reasons, defendant Security argues that it was released from liability under the policy of insurance and that it is entitled to summary judgment. We agree.

We conclude that the policy that plaintiff purchased is, as defendant Security asserts, of the "claims made" variety. A "claims made" or "discovery" policy of insurance provides coverage for claims that are discovered *and* brought to the attention of the insurer during the term of the policy. *Esmailzadeh v. Johnson and Speakman*, 869 F.2d 422, 424 (8th Cir.1989) (citing 7A J. Appleman, *Insurance Law & Practice* § 4504.01, at 312–13 (Bendal ed. 1979 & Supp.1988)) (emphasis supplied). A "claims made" policy of insurance is usually best understood in contrast to an "occurrence" policy of insurance. An "occurrence" policy of insurance protects the policyholder from liability for *any* act done while the policy is in effect. The following example illuminates the contrast: a doctor who practiced for only one year, say 1985, would need only one 1985 "occurrence" policy to be fully covered, but he would need several years of "claims made" policies to protect himself from claims arising out of his conduct in 1985. *See St. Paul Fire & Marine Ins. v. Barry*, 555 F.2d 3, 5 n. 1 (1st Cir.1977).

Plaintiff concedes that defendant Security was not notified of the claim until after the policy had expired. However, plaintiff argues, in response to defendant Security's motion, that defendant Security is not enti-

tled to summary judgment for three reasons: (1) the policy is ambiguous, thereby precluding summary judgment in favor of defendant Security and mandating enforcement of plaintiff's "reasonable expectations;" (2) the reporting requirement of the policy is void and unenforceable because it runs contrary to public policy; and (3) defendant Security has failed to demonstrate that it has been prejudiced by the late notice. We reject plaintiff's contentions but shall address them as they appear.

 In Missouri, the interpretation of the meaning of an insurance policy is a question of law. *Krombach v. Mayflower Ins. Co.*, 785 S.W.2d 728, Syl. ¶ 1 (Mo.App. 1990); *Moore v. Commercial Union Ins. Co.*, 754 S.W.2d 16, Syl. ¶ 2 (Mo.App.1985). In interpreting a policy of insurance we need only afford plain and unambiguous language its plain meaning. *Fremont Indemnity Co. v. Lawton–Byrne–Bruner Ins. Agency, Inc.*, 701 S.W.2d 737, 741 (Mo. App.1985). Only in cases where the policy language is subject to different interpretation must we construe the language in a manner favorable to the insured. *McNeal v. Manchester Insurance & Indemnity Co.*, 540 S.W.2d 113, 120 (Mo.App.1976). Additionally, where a term is defined in a policy, we look there and nowhere else for its definition unless the definition is not clear and unambiguous. *Hrebec v. Aetna Life Ins. Co.*, 603 S.W.2d 666, 671 (Mo.App. 1980). Unless the policy is ambiguous, the court must enforce the policy as it is written. *Automobile Club Inter–Insurance Exchange v. Farmers Ins. Co.*, 778 S.W.2d 772, Syl. ¶ 1 (Mo.App.1989).

 The pertinent terms of the policy are as follows:

**NOTICE OF CLAIMS MADE POLICY:** Professional Liability coverage is on a claims made basis. It applies only to those claims that are first reported to the Company during the policy period.

> . . . . .

**A. What We Insure**
We will pay those sums in excess of the deductible that you become legally obligated to pay as damages because of

"claims" to which this insurance applies arising from conduct of your professional practice.

> . . . . .

**B. Where and When We Insure**
This insurance applies:
3. To "claims made" during the policy period if:
a. The claim arises during the policy period ...

> . . . . .

**C. "claim" means:**
1. a demand for money or services, or the filing of a suit or institution of arbitration or mediation proceedings naming any Insured and alleging an actual or alleged error, omission or negligent act arising out of the conduct of your professional practice; or
2. an actual event which has resulted in damages and of which any Insured has knowledge; or
3. an actual event or alleged event which may cause damage and of which any Insured has knowledge.
**D. "claims made"** means a claim that is reported to us during the policy period.

The gist of plaintiff's argument pertaining to ambiguity concerns the policy's use of the terms "claim" and "claims made." Plaintiff asserts that the use of these terms creates a redundancy in the policy which renders the policy ambiguous. However, from our review of the policy, we discern that the meanings of "claims" and "claims made" are clear and unambiguous. We also perceive that the use of the terms is consistent throughout the policy. The policy is not subject to diverse interpretations. Because this is so, plaintiff must be held to that which it bargained for.

 Next, plaintiff argues that the court should find that "claims made" policies of insurance, which require that the claim be reported prior to the expiration of the term of insurance, are void as violative of public policy. To this end, plaintiff relies on *Brown–Spaulding & Associates, Inc. v. International Surplus Lines Ins. Co.*, 206 Cal.App.3d 1441, 254 Cal.Rptr. 192 (1988). In that case, under the facts

presented therein, the court found that the "claims made" policy violated public policy. However, we note that the California Supreme Court, pursuant to Rule 976, Cal. Rules of Ct., ordered that the case not be published. Therefore, it lacks precedential value in California. It possesses even less sway in this court.

Although we recognize that Missouri courts have not specifically addressed the issue at hand, we believe that they would follow the majority rule. A review of case law reveals that in the vast majority of instances in which "claims made" policies have been challenged, their validity has been upheld in both federal and state courts. Many courts have expressly stated that "claims made" policies do not offend public policy. *See Esmailzadeh v. Johnson and Speakman*, 869 F.2d 422, 424 (8th Cir.1989) (applying North Dakota law); *Scarborough v. Travelers Ins. Co.*, 718 F.2d 702, 709–10 (5th Cir.1983) (applying Louisiana law); *James & Hackworth v. Continental Cas. Co.*, 522 F.Supp. 785, 787 (N.D.Ala.1980) (applying Alabama law); *Brander v. Nabors*, 443 F.Supp. 764, 772–74 (N.D.Miss.1978) (applying Mississippi law); *Zuckerman v. National Union Fire Ins. Co.*, 100 N.J. 304, 495 A.2d 395 (1985); *Gulf Ins. Co. v. Dolan, Fertig & Curtis*, 433 So.2d 512, 514–15 (Fla.1983); *Mission Ins. Co. v. Nethers*, 119 Ariz. 405, 408, 581 P.2d 250, 253 (App.Ct.1978); *James J. Brogger & Assocs., Inc. v. American Motorists Ins. Co.*, 42 Colo.App. 464, 466, 595 P.2d 1063 (1979).

Other courts have implicitly affirmed the validity of "claims made" policies simply by enforcing them. *See Samuel N. Zarpas v. Morrow*, 215 F.Supp. 887, 887 (D.N.J.1963); *VTN Consol. v. Northbrook Ins. Co., Inc.*, 92 Cal.App.3d 888, 155 Cal.Rptr. 172 (Dist. Ct.App.1979); *Graman v. Continental Cas. Co.*, 87 Ill.App.3d 896, 42 Ill.Dec. 772, 409 N.E.2d 387 (Dist.Ct.App.1980); *Reid v. Dayton Title Co.*, 31 Ohio Misc. 275, 278 N.E.2d 384 (Mun.Ct.1972).

Still other courts, not questioning the general validity of "claims made" policies, have interpreted a variety of policy terms and conditions determining whether insurance coverage attached. These courts have implicitly affirmed the validity of "claims made" policies. *See Hoyt v. St. Paul Fire & Marine Ins. Co.*, 607 F.2d 864, 866–67 (9th Cir.1979) (what constitutes a claim); *Fremont Indemnity Co. v. Lawton–Byrne–Bruner Ins. Agency Co.*, 701 S.W.2d 737 (Mo.App.1985) (what constitutes a claim); *Troy & Stalder Co. v. Continental Cas. Co.*, 206 Neb. 28, 290 N.W.2d 809, 812 (1980) (what constitutes notice); *Continental Cas. Co. v. Enco Assocs., Inc.*, 66 Mich.App. 46, 238 N.W.2d 198, 199 (1975) (to whom must claim be directed).

Courts have also had occasion to decline enforcement of "claims made" policies, because of inequities that have arisen in particular cases. *Cornell, Howland, Hayes & Merryfield, Inc. v. Continental Cas. Co.*, 465 F.2d 22, 24 (9th Cir.1972) (coverage upheld despite written exclusion because of oral representations of agent made to secure customer's patronage); *Heen & Flint Assocs. v. Travelers Indem. Co.*, 400 N.Y. S.2d 994, 997, 93 Misc.2d 1 (Sup.Ct.1977) (coverage upheld in situation in which continued coverage with same protection is no longer available to the insured); *also Brown–Spaulding*, 254 Cal.Rptr. 192 (unpublished).

Invariably, as the *Zuckerman*, 100 N.J. 304, 495 A.2d 395, court notes, litigants challenging the validity of "claims made" policies do so on the grounds of public policy. Plaintiff challenges the policy of insurance on these grounds. Admittedly, Missouri has not yet considered whether "claims made" policies are violative of public policy. However, our reluctance in predicting how the Missouri courts would decide this issue is overcome by *Fremont Indemnity*, 701 S.W.2d at 737, and *U.S. v. Conservation Chemical Co.*, 653 F.Supp. 152, 184 (W.D.Mo.1986). In the two cases, the Missouri courts, although not specifically addressing the instant issue, recognized "claims made" policies and considered terms of those policies. However, they did not find that the "claims made" policies involved were violative of public policy. For this reason we believe that Missouri follows the majority rule and

would uphold the validity of the instant policy.

■ Finally, plaintiff argues that, regarding the policy in question, the court should refuse to enforce the reporting requirement of this "claims made" policy on public policy grounds unless the defendant Security demonstrates actual prejudice arising from the late notice. Plaintiff relies on another unpublished California decision to support this proposition: *Village Escrow Company, Inc. v. National Union Fire Ins. Co.*, 202 Cal.App.3d 1309, 248 Cal.Rptr. 687 (1988). In that case the California court required the insurer to show that it was prejudiced by late notice before it could deny coverage under a "claims made" policy. However, we note that the case was ordered not published, and thus, lacks precedential value. Additionally, plaintiff alludes to several Kansas and Missouri opinions in support of its argument: *Travelers Insurance Co. v. Feld Car and Truck Leasing Corp.* 517 F.Supp. 1132 (D.Kan.1981); *Home Life Insurance Co. v. Clay*, 11 Kan.App.2d 280, 719 P.2d 756 (1986); *Powell v. Home Indemnity Co.*, 343 F.2d 856 (8th Cir.1965); *Miller v. Lindgate Developers, Inc.*, 274 F.Supp. 980 (W.D.Mo.1967). However, because none of these cases refer to "claims made" policies, or factually similar scenarios, we find that the cases are inapposite.

The majority of jurisdictions that have confronted the instant issue have refused to extend the policy period of "claims made" beyond the date of the policy's expiration. The rationale employed by the courts is that because the reporting requirement helps define the scope of coverage under the policy, allowing notice beyond the policy period would alter a basic term of the insurance contract. *See, e.g., Esmailzadeh*, 869 F.2d at 424; *City of Harrisburg v. International Surplus Lines Ins. Co.*, 596 F.Supp. 954, 960–62 (M.D.Pa.1984) (notice provision in claims-made policy serves materially different purpose from that in occurrence policy; claims-made coverage exists under Pennsylvania law only when claim is timely reported), *aff'd*, 770 F.2d 1067 (3d Cir.1985);

*Zuckerman*, 100 N.J. 304, 495 A.2d at 405–06 (extension of notice period in claims-made policy creates unbargained-for expansion of coverage); *Gulf Ins. Co.*, 433 So.2d at 515 (extending reporting time for claims-made policy negates one of its distinguishing characteristics); *but see Sherlock v. Perry*, 605 F.Supp. 1001, 1004–05 (E.D. Mich.1985) (if notice is given within reasonable time, and insurer suffers no prejudice by delay, coverage under claims-made policy exists under Michigan law). In this case it is undisputed that plaintiff did not report the claim within the applicable period of insurance. Applying the majority rule, we conclude that plaintiff's claim is not covered by the policy.

(2)

■ Even if we deviated from the majority rule in this case, we believe that summary judgment in favor of defendant Security would yet be mandated because the claim did not arise during the term of the policy. In the "claims made" policy, involved herein, the claim must arise and be brought to the attention of the insurer within the term of the insurance. 7A J. Appleman, *Insurance Law & Practice* § 4504.01, at 312–13 (Bendal ed. 1979 & Supp.1990) "Claim," as noted above, is defined in the policy as: (1) a demand for money or services, or the filing of a suit or institution of arbitration or mediation proceedings naming any insured and alleging an actual or alleged error, omission or negligent act; (2) an actual event which has resulted in damages and of which any insured had knowledge; or (3) an actual event or alleged event which may cause damages and of which any insured has knowledge.

We conclude that no cognizable claim, under the policy definition, arose in this case before March 1, 1988, when the term of policy expired. Under the policy, Lockwood's letter of February 26, 1988, cannot be construed to be a claim against plaintiff. In the letter, Lockwood makes no demand for money or services, nor does it allude to any specific present or future damages of which plaintiff would have knowledge.

Therefore, the letter does not pass muster under the policy as a claim.

At the earliest, a claim was asserted against plaintiff on March 1, 1988. On that date, Lockwood informed plaintiff of its intent to sue. Plaintiff's insurance with defendant Security had, however, by that time, expired by its own terms. Therefore, even if we were to find that the "claims made" policy of insurance violated public policy, we would find that defendant Security is entitled to summary judgment because no claim was asserted against plaintiff until after the policy had expired. *See Brander v. Nabors*, 579 F.2d 888 (5th Cir. 1978) (applying Mississippi law); *Cornell, Howland, Hayes & Merryfield, Inc. v. Continental Cas. Co.*, 465 F.2d 22 (9th Cir.1972) (applying California law); *Rotwein v. General Acc. Group*, 103 N.J.Super. 406, 247 A.2d 370 (1968); *J.M. Brown Constr. Co. v. D & M Mechanical Contractors, Inc.*, 222 So.2d 93 (La.App.1969).

Because there are no genuine issues of material fact in existence, and because plaintiff cannot establish that it complied with the terms of the insurance in question or that the policy is void for public policy reasons, summary judgment in favor of defendant Security Insurance Company of Hartford is appropriate. Because defendant Continental has previously been dismissed from the case, the case shall be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant Security Insurance Company of Hartford's motion for summary judgment (Doc. 31) is granted. The case is hereby dismissed.

IT IS SO ORDERED.