SAMUEL N. ZARPAS, INC., now known as Missile Sites, Inc., Plaintiff,

v.

Daniel J. MORROW and William R. Mauzy, individually and trading as Mauzy and Morrow and Associates, Defendants, Third-Party Plaintiffs,

v.

W. J. ROBBINS & COMPANY and Alan Boud Flack, Third-Party Defendants.

Civ. No. 661–62.

United States District Court
D. New Jersey.
April 18, 1963.

Haines & Schuman, Toms River, N. J., for plaintiff.

Berry, Whitson & Berry, Henry H. Wiley, Toms River, N. J., for defendants and third-party plaintiffs.

Dawes & Dawes, Kenneth J. Dawes, Sr., Trenton, N. J., for third-party defendant Flack.

LANE, District Judge.

Third-party defendant moves for dismissal of declaratory judgment action wherein a determination of liability under the provisions of a Land Surveyors Errors and Omissions Policy is sought.

In March 1960, Underwriters at Lloyd's, London, issued through their agent, third-party defendant W. J. Robbins & Company, for the period from April 1, 1960 to April 1, 1961, the Errors and Omissions Policy here involved, insuring the third-party plaintiffs, Mauzy

and Morrow, civil engineers and land surveyors, against liability in connection with professional services rendered. The policy contains the following relevant clauses:

"NOW, THEREFORE, this Insurance, subject to the terms and conditions hereof, indemnifies the Assured against any *claim or claims* for breach of duty as Land Surveyors *which may be made against them during the period stated in the said Schedule* by reason of any negligent act, error or omission, whenever or wherever committed or alleged to have been committed, on the part of the Assured or any person who has been, is now, or may hereafter during the subsistence of this Insurance be employed by the Assured, in the conduct of any business conducted by or on behalf of the Assured in their capacity as Land Surveyors." (Emphasis added.)

"6. (ii) If during the subsistence hereof the Assured shall become aware of any occurrence which may subsequently give rise to a claim against them by reason of any negligent act, error or ommission [*sic*], and shall during the subsistence hereof give written notice to the Underwriters of such occurrence, any claim which may subsequently be made against the Assured arising out of that negligent act, error or omission shall be deemed for the purposes of this Insurance to have been made during the subsistence hereof."

Plaintiff Zarpas had contracted to construct a Nike Hercules Missile Site at Dicktown, New Jersey, and on March 23, 1961, retained defendants Mauzy and Morrow to perform engineering and surveying work there. Defendants' work was completed on or about March 24, 1961 (a week prior to the termination date of the policy). On October 27, 1961 (six months subsequent to the termination date of the policy) Zarpas notified Mauzy and Morrow that its work was negligently done in that one of the buildings on the site had been improperly located. This was the first notice that Mauzy and Morrow had of the claim, and within three days they in turn notified the insurance company.

Subsequently, plaintiff Zarpas brought action against defendants Mauzy and Morrow for breach of contract and negligence. Defendants denied liability and, with leave of court, filed a third-party complaint against Robbins and Lloyd's, based upon the policy and demanding declaratory judgment that (1) the Errors and Omissions Policy covered the claim, and (2) the third-party defendants be required to defend the original action brought against Mauzy and Morrow.

■ John J. McCassin, an expert in insurance matters, testified that there are two types of Errors and Omissions Policies: the "discovery" policy and the "occurrence" policy. In a discovery policy the coverage is effective if the negligent or omitted act is discovered and brought to the attention of the insurance company during the period of the policy, no matter when the act occurred. In an occurrence policy the coverage is effective if the negligent or omitted act occurred during the period of the policy, whatever the date of discovery.

■ This court concurs in the opinion of the expert that the policy here involved is a discovery policy. The first clause reproduced above states that the policy covers claims "which may be made" during the period of the policy,— this language implies discovery during said period and not occurrence. Furthermore, clause 6(ii) would be meaningless if this were an occurrence policy for there would be no need for notification of possible claims if the insurance policy were to cover the claim no matter when discovered.

We note a similar determination was reached in San Pedro Properties, Inc. v. Sayre & Toso, Inc., 203 Cal.App.2d 750, 21 Cal.Rptr. 844, 11 Fire & Casualty Cas. 418 (Dist.Ct.App.Calif.1962), where the

court considered a like policy.[1] In San Pedro the act occurred during the period of the policy and was discovered after termination; the court held that there was no liability on behalf of the insurer.

Although we do not think it relevant, we note in passing that there was no request for a renewal of the policy by defendants Mauzy and Morrow, nor was there any cancellation of the policy or a refusal to renew on the part of the third-party defendant insurer.

Third-party defendants cannot be held liable under the terms of the policy in the factual situation presented, and, accordingly, judgment of dismissal will be entered.

---

1. The provisions are identical, except the San Pedro policy contains one clause which is not in the instant policy:
   "6(3) If the Underwriters cancel or refuse to renew this Insurance, any claim made against the Assured within one year after the termination hereof by reason of any negligent act, error or omission committed or alleged to have been committed before the termination hereof shall be deemed for the purposes of this Insurance to have been made during the subsistence hereof."