559 P.2d 178

HARBOR INSURANCE COMPANY, a California Corporation, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas Corporation, Farmers Insurance Company of Arizona, an Arizona Corporation, Jose Aruffe, Timothy J. Millhouse and Shirley A. Millhouse, husband and wife, and Erv's Equipment Rental, an Arizona Corporation, Appellees.

FARMERS INSURANCE COMPANY OF ARIZONA, an Arizona Corporation, Cross-Appellant,

v.

HARBOR INSURANCE COMPANY, Jose Aruffe, Timothy J. Millhouse and Shirley A. Millhouse, husband and wife, and Erv's Equipment Rental, an Arizona Corporation, Cross-Appellees.

No. 2 CA–CIV 2081.

Court of Appeals of Arizona, Division 2.

Oct. 29, 1976.

Rehearing Denied Dec. 8, 1976.

Petition for Review Denied Jan. 18, 1977.

Christopher A. Combs, Phoenix, for appellant and cross-appellee Harbor Ins. Co.

Chandler, Tullar, Udall & Richmond by D. B. Udall, Tucson, for appellee and cross-appellant Farmers Ins. Co.

Alex A. Gaynes, Tucson, for appellee Aruffe.

Slutes, Browning, Zlaket & Sakrison, P. C. by John A. Wasley and D. Thompson

Slutes, Tucson, for appellee United Services Automobile Association.

Royal & Murray by Michael W. Murray, Tucson, for appellees and cross-appellees Millhouse.

Arthur L. Hirsch, Tucson, for appellee and cross-appellee Erv's Equipment Rental.

## OPINION

HOWARD, Chief Judge.

This appeal involves a dispute among three insurers as to the existence and extent of their respective liabilities arising out of a traffic accident.

The stipulated facts show that on August 4, 1973, Timothy Millhouse rented a Ford tractor from Erv's Equipment Rental. While operating the tractor on a public road, he was involved in a collision with a Chevrolet van in which appellee Jose Aruffe was a passenger. As a result of the collision, Aruffe filed an action for damages, alleging the negligence of Millhouse in operating the tractor.

At the time of the accident, Millhouse was insured by Farmers Insurance Company of Arizona under a personal liability policy and by United Services Automobile Association (USAA) under an automobile liability policy. Erv's Equipment Rental was insured under a garage policy issued by Harbor Insurance Company. Harbor brought a declaratory judgment action seeking a determination that its policy provided no coverage for the August 4th accident. The trial court ruled, however, that Harbor was primarily liable to the extent of its policy limits and that USAA and Farmers were secondarily liable for any judgment in excess of the Harbor policy limits. From this judgment, Harbor appeals and Farmers cross-appeals. USAA also filed a cross-appeal; however, it was dismissed for failure to file a cost bond.

## I. THE HARBOR INSURANCE COMPANY APPEAL

The Harbor policy insuring Erv's Equipment Rental is a complicated package affording various coverages—property damage, contractual liability, comprehensive general liability and automobile liability, among others.

Appellees' arguments supporting Harbor's liability for the Millhouse accident focus primarily on the automobile liability provisions. The Harbor policy follows the standard automobile policy language in providing that:

"The company will pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of

C.  bodily injury or

D.  property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, *of any automobile* . . . ." (Emphasis added)

The policy then describes "a person insured" as "any . . . person [other than the named insured or a partner] while using *an owned automobile* or a hired automobile with the permission of the named insured . . . ." (Emphasis added). The policy offers no definition of "automobile" but defines "an owned automobile" as "an automobile owned by the named insured." A schedule attached to the policy lists seven vehicles as "owned automobiles" for which a premium was charged.

Appellees contend that since the definition of "owned automobile" does not specifically limit the policy's coverage to scheduled or described automobiles, the insuring clause is broad enough to cover *any* owned automobile. Appellees further argue that the word "automobile" which is not defined by the policy includes any four-wheel self-propelled vehicle and thus covers the tractor in this case.

Appellant argues, however, that the broad definition of "owned automobile" is qualified by the declarations on the attached schedules which list specific insured vehicles, and that in any event, the tractor is not an automobile within the meaning of the insuring clause.

■ In interpreting an insurance contract, the cardinal principle is that the intention of the parties controls. *D.M.A.F.B. Federal Credit Union v. Employers Mutual Liability Insurance Company of Wisconsin,* 96 Ariz. 399, 396 P.2d 20 (1964). Courts should enforce the contract as made and the insurer should be required to pay damages only on property intended to be insured and to answer only for risks intended to be assumed. *Queen Insurance Co. v. Watson,* 31 Ariz. 340, 253 P. 440 (1927). While it is true that ambiguities will be construed against the insurer, *State Farm Mutual Automobile Insurance Company v. O'Brien,* 24 Ariz.App. 18, 535 P.2d 46 (1975), when a policy's meaning and intent are clear, it is not the prerogative of the courts to create ambiguities where none exist or to rewrite the contract in attempting to avoid harsh results. *Lawrence v. Beneficial Fire & Casualty Insurance Company,* 8 Ariz.App. 155, 444 P.2d 446 (1968).

■ Although the Harbor policy as a whole is something less than a model of clarity, the provisions in question nevertheless adequately express the intention of the parties.[1] Contrary to the contentions of appellees, the attached schedules are as much a part of the policy as the insuring clauses and the definitions. The schedule attached to the insuring provisions in this case clearly state at the top of the page:

"The insurance afforded is only with respect to such of the following Coverages as are indicated by specific premium charge or charges."

Under the headings "Description of Hazards 1. Owned Automobiles—Premium Basis—Per Automobile" the words "AS PER SCHEDULE OF AUTOMOBILES AL 6852–B" appear. Schedule AL 6852–B then lists seven Chevrolet vehicles.

■ The scheduling of automobiles is not merely for the convenience of assessing premiums but is itself a declaration of the limitations of the hazards assumed. *D'An-*

*gelo v. Cornell Paperboard Products Co.,* 59 Wis.2d 46, 207 N.W.2d 846 (1973). In *D'Angelo,* the Supreme Court of Wisconsin held that where an automobile policy referred to "any automobile" in the insuring clause but included a schedule listing 22 specific vehicles, it did not cover a forklift owned by the defendant which was not among the vehicles listed. Similarly, in the present case the scheduling of the automobiles clearly reflects the intention to limit coverage to those vehicles appearing on the schedule. Thus, even assuming the tractor is an automobile, it is not covered by the Harbor policy since it is not one of the vehicles listed on the schedule.

■ Deposition testimony further confirms the parties' lack of intent to include the tractor within the provisions of the automobile liability coverage. Both Erv Hartje, the owner of Erv's Equipment Rental, and Art Nehring, the insurance agent, stated that there was no coverage available under the Harbor policy for the tractor involved in the Millhouse accident. Mr. Hartje also stated that lessees were informed of the lack of liability coverage by the written terms of the rental agreement and orally by the lessor at the time of the rental.

We find that the tractor was not an "owned automobile" within the coverage of the Harbor policy.

■ Appellees argue that even if the policy does not specifically provide coverage for the tractor, the provisions of the Financial Responsibility Act nevertheless mandate such coverage for Millhouse as an omnibus insured. We find no merit in this contention since omnibus coverage does not attach to any automobile owned by the insured, but only to those vehicles "designate[d] by explicit description or by appropriate reference" in the policy as insured. A.R.S. Sec. 28–1170(B)(1); 28–1170(B)(2). The statute thus only requires coverage of permissive users of insured vehicles. Clear-

[1.] It should be noted, however, that Harbor could have avoided the expense of this litigation by more precisely defining its terms, as in fact it did in the "automobile physical damage" provisions where a covered automobile was defined as "one designated in the schedule by description or otherwise, as a covered automobile to which this insurance applies . . . ."

ly the statute affords Millhouse no protection while driving a vehicle not covered by the Harbor policy.

■ Appellees Millhouse and Aruffe also raise the possibility of Harbor's liability for the August 4th accident under the provisions of the comprehensive general liability insurance (including contractors' equipment rented to others without an operator). The pertinent section provides that the following is "an insured":

"(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment registered under any motor vehicle registration law,

\* \* \* \* \* \*

(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization; . . ."

We agree with Harbor, however, that no coverage is afforded under this section since the tractor was not registered under any motor vehicle registration law.

We find no other provisions of the Harbor policy under which Harbor may be held liable for the Millhouse accident. We therefore reverse the judgment of the superior court which found that the Harbor policy constitutes primary coverage for the liabilities of Millhouse and Erv's Equipment Rental and hold that no coverage is afforded either party by the Harbor policy.

## II. FARMERS INSURANCE COMPANY OF ARIZONA CROSS–APPEAL

■ In its cross-appeal, Farmers contests the lower court's determination that the Farmers homeowner's policy issued to Millhouse provided secondary coverage on a pro rata basis with USAA for the August 4, 1973 accident. Farmers contends that the policy provides no coverage for the accident.

We do not agree. By the clear terms of the policy, coverage was afforded. The insuring clause states that the company agrees "[t]o pay all damages which the insured becomes legally obligated to pay because of bodily injury to any person and/or damage to property caused by an occurrence to which this insurance applies."

The exclusions provide in pertinent part:

"This insurance does not apply under:

1. Coverage C—Personal Liability . .

(a) to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of:

\* \* \* \* \* \*

(2) any motor vehicle owned or operated by, or rented or loaned to any insured . . . ."

Although this exclusion would appear to encompass the tractor in the present case, the policy in defining "motor vehicles" excludes tractors. The definition states:

" 'Motor vehicle' means a land motor vehicle, trailer or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto) but *does not include,* except while being towed by or carried on a motor vehicle, *any of the following* : utility, boat, camp or home trailer, recreational motor vehicle, crawler or *farm type tractor,* farm implement or, if not subject to motor vehicle registration, *any equipment which is designed for use principally off public roads.*" (Emphasis added)

Since by the policy's definition the tractor is not a motor vehicle and therefore not within the motor vehicle exclusion, we find that the Farmers policy affords coverage to Millhouse for his personal liability arising out of the August 4th accident.

Both the Farmers and the USAA policies contain "other insurance" clauses which provide that the policy will be excess over any other valid and collectible insurance.

The Farmers policy provides:

"5. Other Insurance:

Subject to the provisions of condition (6), 'Other insurance in the Company', the insurance afforded under Coverage C shall not apply to any occurrence against which the insured has other liability insurance of any kind until such other insurance shall have become exhausted."

The "other insurance" clause in the USAA policy states:

"Other Insurance: If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

Because of these clauses, the trial court determined Harbor to be primarily liable and Farmers and USAA secondarily liable on a pro rata basis. However, since we have now held that the Harbor policy affords no coverage for the accident in question, there is no "other insurance" and both Farmers and USAA are therefore primarily liable for a pro rata share of any judgment or settlement against appellees Millhouse.

Farmers argues that its coverage should be secondary to USAA since the Farmers policy was a general homeowner's liability policy and the USAA policy applied specifically to motor vehicle accidents. We believe the better rule is that where two policies cover the same occurrence and both contain "other insurance" clauses, the excess insurance provisions are mutually repugnant and must be disregarded. Each insurer is then liable for a pro rata share of the settlement or judgment. *Weekes v. Atlantic National Insurance Co.*, 370 F.2d 264 (9th Cir. 1966); *Argonaut Insurance Company v. Transport Indemnity Company*, 6 Cal.3d 496, 99 Cal.Rptr. 617, 492 P.2d 673 (1972); *Indiana Insurance Company v. American Underwriters, Inc.*, 261 Ind. 401, 304 N.E.2d 783 (1973); *Pacific Indemnity Company v. Federated American Insurance Company*, 76 Wash.2d 249, 456 P.2d 331 (1969); *Smith v. Pacific Automobile Insurance Company*, 240 Or. 167, 400 P.2d 512 (1965).

The judgment in favor of the appellees and against appellant Harbor Insurance Company is reversed and the trial court is ordered to enter judgment in favor of Harbor Insurance Company and against appellees. The judgment of the trial court finding Farmers and USAA liable as secondary insurers is reversed and the trial court is ordered to enter a judgment declaring that Farmers Insurance Company of Arizona and USAA are primarily liable on a pro rata basis to the extent of their respective policy limits for any judgment against appellees Millhouse.

KRUCKER and HATHAWAY, JJ., concur.