581 P.2d 250

**MISSION INSURANCE COMPANY,**
Appellant,

v.

Jack NETHERS, Roderick S. Cooney,
Chain, Younger, Cooney, Jameson, Le-
mucchi & Busacca, a partnership, Appel-
lees.

**Jack NETHERS, Appellant,**

v.

**RESERVE INSURANCE COMPANY,**
Appellee.

No. 2 CA–CIV 2644.

Court of Appeals of Arizona,
Division 2.

March 21, 1978.

Rehearings Denied April 26, 1978.

Reviews Denied May 31, 1978.

As corrected Aug 4, 1978.

Mesch, Marquez & Rothschild, P. C. by John K. Mesch and Patricia Wendel, Tucson, for appellant Mission Ins. Co.

Paul G. Rees, Jr., Lawrence E. Condit, Tucson, for appellee and appellant Jack Nethers.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Michael Lacagnina and Lina S. Rodriguez, Tucson, for appellees Cooney, Chain, Younger, Cooney, Jameson, Lemucchi & Busacca.

Everett, Bury & Moeller, P. C. by David C. Bury and Marshall Humphrey, III, Tucson, for appellee Reserve Ins. Co.

1. Rule 6(f):
   "An action shall abate if the summons is not issued and served, or the service by publication commenced within one year from the filing of the complaint."

2. § 12–542

## OPINION

RICHMOND, Chief Judge.

This appeal involves interpretation of two separate policies of professional liability insurance issued in California to a Bakersfield law firm, Chain, Younger, Cooney, Jameson, Lemucchi and Busacca. Plaintiff Jack Nethers in his action for legal malpractice joined as defendants the two insurers, Reserve Insurance Company and Mission Insurance Company, and sought a declaration of rights under their respective policies. The defendant lawyers by cross-claim asked for indemnification by one or both insurance companies for the amount of any judgment rendered in favor of Nethers.

The claim for malpractice arose from the dismissal of a personal injury action filed on behalf of Nethers in Mohave County by Roderick S. Cooney, a partner in the California firm. Nethers had been injured in an automobile accident in Kingman on November 22, 1969. The complaint in the personal injury action was filed November 13, 1970, and service was attempted by registered mail. In their answer filed January 26, 1971, the defendants, who were Arizona residents, alleged lack of jurisdiction and insufficient service.

On November 13, 1971, the Mohave County action became subject to a motion to dismiss under 16 A.R.S. Rules of Civil Procedure, Rule 6(f).[1] On November 22, 1971, the statute of limitations ran.[2] On March 31, 1972, the defendants moved to dismiss the complaint on the grounds that the action had abated under Rule 6(f). Cooney did not respond to the motion, and on July 17, 1972, a judgment of dismissal was entered. Thereafter, a motion to set aside the judgment of dismissal was denied.

During 1971 Cooney and his partners were covered by a policy of professional liability insurance issued by Reserve, which states in material part:

". . . [T]here shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward, the following actions:
"1. For injuries done to the person of another. * * *"

"This policy applies only to acts, errors, or omissions which occur . . . (a) during the policy period and then only if claim is made during the period, or (b) which occurred prior to the effective date of the policy, and then only if such claim is made during the policy period, . ."

Beginning January 1, 1972, the partnership was covered under a Mission policy, providing:

"1. Coverage—

To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages resulting from any claim made during the policy period against the insured for breach of professional duty as lawyers arising out of the performance of professional services for others in the insured's capacity as a lawyer and caused by any negligent act, error or omission of the insured or any other person for whose acts the insured is legally liable.

\* \* \* \* \* \*

"4. POLICY PERIOD, TERRITORY— This policy applies to negligent acts or omissions wherever or whenever the same were or may have been committed or alleged to have been committed if claim is made or suit is brought against the insured during the policy period and such insured at the effective date of this insurance did not know or could not have reasonably foreseen that such negligent acts or omissions might be expected to be the basis of a claim or suit."

Attached to and made a part of the printed policy was a typewritten endorsement, which states:

"*RETROACTIVE CLAUSE*

It is understood and agreed that, notwithstanding anything contained herein to the contrary, this policy shall not indemnify the Assured in respect of any claim made against the Assured by reason of any negligent act, error or omission committed, or alleged to have been committed, prior to January 1, 1972."

On the above facts, all parties moved for summary judgment declaring their rights and obligations under the respective policies. The trial court granted Reserve's motion and entered judgment that its policy afforded no coverage for Nethers' malpractice claim, and reached the contrary result as to Mission. Mission has appealed from the latter portion of the judgment, and Nethers, by cross-appeal, from the former. We believe the facts preclude a finding of coverage under either policy.

There are two basic types of policies insuring against liability for legal malpractice: the "discovery" policy and the "occurrence" policy. *See Samuel N. Zarpas, Inc. v. Morrow,* 215 F.Supp. 887 (D.N.J. 1963).

"\* \* \* In a discovery policy the coverage is effective if the negligent or omitted act is discovered and brought to the attention of the insurance company during the period of the policy, no matter when the act occurred. In an occurrence policy the coverage is effective if the negligent or omitted act occurred during the period of the policy, whatever the date of discovery."

215 F.Supp. at 888.

The Reserve policy clearly is of the former type, covering errors and omissions occurring at any time if discovered and made the basis of a claim during the period of the policy. Such a limitation on coverage has been upheld in California, where the Reserve policy was issued and Cooney's alleged negligence occurred. *See San Pedro Properties, Inc. v. Sayre & Toso, Inc.,* 203 Cal.App.2d 750, 21 Cal.Rptr. 844 (1962).[3]

**3.** The district appellate court's construction of the policy at issue in *San Pedro Properties* was disapproved by the Supreme Court of California in *Gyler v. Mission Insurance Company,* 10 Cal.3d 216, 110 Cal.Rptr. 139, 514 P.2d 1219 (1973), but implicit in the latter opinion is a rejection of the notion that limitation of coverage to claims made during the period of the policy is void as a matter of California public policy. In 1975 the California legislature enact-

■ On his cross-appeal, Nethers concedes the meaning of the Reserve policy language, but contends the limitation of coverage is void because it violates the public policy of Arizona. We disagree. We believe the insurance contract must be construed under the laws of California, where it was issued and the alleged negligence occurred, and as noted above it comports with the public policy of that state. Although it thus becomes unnecessary to consider Nethers' argument, we note its misplaced reliance on A.R.S. § 20–1115, proscribing certain time limitations within which an action may be brought on an insurance policy but silent as to any limitation of the length of time for which coverage may be afforded.'

■ As for the Mission policy, the conflict between the printed policy language and the typewritten endorsement must be resolved in favor of the endorsement, insofar as it modifies, qualifies, or restricts the terms of the original policy. *Reserve Insurance Company v. Staats*, 9 Ariz.App. 410, 453 P.2d 239 (1969). The California rule is the same. *See Continental Casualty Company v. Phoenix Construction Company*, 46 Cal.2d 423, 296 P.2d 801, 57 A.L.R.2d 914 (1956); *see also* West's Ann.Civ.Code, § 1651.

■ Exclusions in an insurance contract are strictly construed in favor of the insured and coverage and against the insurer. *Brenner v. Aetna Insurance Company*, 8 Ariz.App. 272, 445 P.2d 474 (1968). Even so, they must be construed in a reasonable manner and giving ordinary meaning and effect to the terms used therein. *Brenner*, supra. The endorsement to the Mission policy clearly and unequivocally overrides the conflicting definitions of coverage within the printed contract, changing it to something less than either a "discovery" policy or an "occurrence" policy in that coverage is limited not only to claims made during the period of the policy but to such claims arising from negligent acts or omissions after its inception. Although the result is coverage more restrictive than that provided by the two basic types of professional liability insurance policies, an insurer has the right to limit coverage by use of an endorsement, and when it has done so the plain language of the limitation must be respected. *Continental Casualty Company v. Phoenix Construction Company*, supra. When an insurance policy's meaning and intent are clear, it is not the prerogative of the courts to rewrite the contract in attempting to avoid harsh results. *Harbor Insurance Company v. United Services Automobile Association*, 114 Ariz. 58, 559 P.2d 178 (App.1976).

■ Both Nethers and the defendant lawyers argue that regardless of the restrictive endorsement, the malpractice claim resulted from Cooney's failure to respond to the motion to dismiss in March 1972, rather than (or in addition to) a negligent act, error or omission committed prior to January 1, 1972, for which coverage was excluded. At most, their contention raises a material fact question, precluding summary judgment in their favor. Rule 6(f) is not self-executing and a motion to dismiss thereunder may be denied upon a showing of good cause for failure to serve the defendants within the prescribed one-year period. *Garcia v. Frey*, 7 Ariz.App. 601, 442 P.2d 159 (1968). In the absence of such a showing, however, the motion should be granted. *Grobe v. McBryde*, 105 Ariz. 577, 468 P.2d 936 (1970). The question thus becomes whether any showing of good cause might have been raised in response to the 1972 motion in this case.

■ Ordinarily it is a question of fact whether or not plaintiff has exercised reasonable diligence in obtaining service of process, entitling him to relief from the minimum standard fixed by Rule 6(f). *See Taylor v. Superior Court, in and for County of Maricopa*, 13 Ariz.App. 52, 474 P.2d 59 (1970); *but see Grobe v. McBryde*, supra.

ed a statute requiring that every such policy limiting coverage to claims made while the policy is in force contain on the face page of the policy a prominent and conspicuous notice of such limitation. Cal.Ins. Code, § 11580.01 (West Supp. 1975).

Here, Cooney made no effort to obtain service on the defendants in the Mohave County action during more than nine months remaining for compliance with Rule 6(f) at the time he received their answer challenging jurisdiction and sufficiency of the service initially attempted. Shortly thereafter, the two-year limitation period in which to recommence the personal injury action expired, still without any activity by Cooney, who at all material times was not even authorized to practice law in Arizona. All of the foregoing occurred—or failed to occur—in 1971.

The record is devoid of any showing of good cause for failure to obtain sufficient service in the Mohave County action within the one-year period, hence there was no basis for opposing the motion to dismiss filed in March 1972. *See Van Campen v. Upjohn Company,* 19 Ariz.App. 81, 504 P.2d 1304 (1973). On his motion to set aside the judgment of dismissal, Nethers submitted to the Mohave County court Cooney's affidavit that settlement negotiations commenced prior to the motion to dismiss had continued after that motion was filed and that he was misled thereby "as to any efforts which were to be made on behalf of defendants to terminate the case other than on its merits." At most, the affidavit attempted to justify Cooney's failure to respond to the motion to dismiss, rather than his failure to obtain timely service, and in any event the question was resolved by the court's denial of the motion to set aside. There was no appeal from either the judgment of dismissal or the order refusing to set it aside.

The judgment in favor of Reserve Insurance Company is affirmed. The judgment declaring that the Mission Insurance Company policy provides coverage for Nethers' malpractice claim against Cooney and his partners is reversed.

HOWARD and HATHAWAY, JJ., concurring.