**GENERAL ACCIDENT INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Mary Lou NAMESNIK, and Robert and Cornell Whitlow, Defendants-Appellants.**

Nos. 85–2021, 85–2022, 85–2166 and 85–2242.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1986.

Decided June 2, 1986.

Larry L. Smith, Calvin L. Raup, O'Connor, Cavanaugh, Anderson, Westover, Killingsworth & Beshears, P.A., David D. Dodge, Mark R. Lieberman, Eaton, Lazarus, Dodge & Lowrey, Ltd., Phoenix, Ariz., for plaintiff-appellee.

Dougal B. Reeves, Jr., Gregg Clarke Gibbons, Simon, Reeves & Roberts, Scottsdale, Ariz., for defendants-appellants.

Before: WALLACE, KENNEDY, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

General Accident Insurance Co. brought this declaratory judgment action against Mary Lou Namesnik and Robert and Cornell Whitlow to determine whether it is required to defend a tort action in legal malpractice initiated by Namesnik and the Whitlows against Harry Pappas, an attorney. The district judge granted summary judgment for General Accident, finding that the conduct complained of is not covered by the provisions of the contract of insurance.

STATEMENT OF THE CASE

Harry Pappas is an attorney and Certified Public Accountant licensed in Arizona. From approximately 1975 to 1982 Pappas had an attorney-client relationship with Namesnik and from 1978 to 1982 with the Whitlows. During those times Pappas acted as attorney for both parties, preparing tax returns and handling other routine tasks. This dispute centers around various investments which Pappas recommended to Namesnik and the Whitlows. The investments were capitalizations by Namesnik and the Whitlows of corporations or partnerships which Pappas formed and operated. In each of these, Pappas solicited funds and performed the legal work for the entity. The investments resulted in losses approaching the millions of dollars, some through apparently genuine market losses, others through Pappas' arguably fraudulent actions.

Namesnik produced a billing received from Pappas for legal fees during the period in question. It was in the amount of $120 and involved work not in dispute here. The Whitlows produced checks paid to Pappas totalling $2,700, for bona fide legal work not connected to any of the transactions in question. Pappas did not charge for any work performed in the ventures in dispute.

The district judge granted summary judgment to General Accident in this declaratory judgment action, holding that Pappas was acting as a business agent rather than as an attorney and that the insurance policy did not cover the conduct complained of. Nine days later, a different district court judge in a separate action found for the Whitlows in an underlying tort action for malpractice against Pappas. Averring that this constituted new evidence, the Whitlows and Namesnik moved for reconsideration. The motion was denied. The Whitlows and Namesnik appeal from the award of summary judgment for General Accident.

DISCUSSION

We review the grant of summary judgment de novo to determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986).

Neither party discussed the state law governing this diversity action. A federal court applies the choice of law rules of the state in which it sits, here Arizona, to determine the substantive law to apply. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The Arizona choice of law rules specify that the law governing an insurance contract is the law of the state

where the contract was made and where the alleged negligence took place. *Mission Insurance Co. v. Nethers,* 119 Ariz. 405, 581 P.2d 250, 253 (Ariz.Ct.App.1978). Since both events occurred in Arizona, we apply Arizona law.

The district court focused on the breadth of coverage under the malpractice policy. Even if Pappas is liable in tort to Namesnik and the Whitlows, coverage under the policy turns on contractual interpretation. *See Bank of California, N.A. v. Opie,* 663 F.2d 977, 980–83 (9th Cir.1981); *Marx v. Hartford Accident & Indemnity Co.,* 183 Neb. 12, 157 N.W.2d 870, 871–72 (Neb.1968).

■ The policy here, like most "errors and omissions" policies, provides that only "professional services" will be covered. It specifically excludes dishonest or fraudulent acts. Coverage turns on the nature of Pappas' conduct. The existence of an attorney-client relationship, to which General Accident stipulates, is not dispositive of the question of whether the conduct in dispute was part of Pappas' "professional services" as defined by the malpractice insurance contract. *See Bank of California, N.A. v. Opie,* 663 F.2d at 981–82.

■ General Accident contends that the undisputed facts show that Pappas was not acting as attorney for Namesnik or the Whitlows when he solicited their investments. Because he was not acting as their attorney but as their co-venturer, argued General Accident, he was not rendering "professional services" under the policy and cannot be covered for either errors or omissions in connection with those ventures.

To determine the nature of Pappas' conduct, Namesnik and the Whitlow's argue, is to embark on factual determinations which require a trial. They contend that examining Pappas' conduct calls for fact-sifting that makes summary judgment inappropriate. The district judge disagreed. He granted summary judgment to General Accident on the ground that no genuine issue

of material fact existed as to whether Pappas was acting as business agent. We agree.

Fed.R.Civ.P. 56(e) states that:

The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

We have examined the entire district court record.[1] It reflects objective evidence supporting General Accident's contention that Pappas was acting as business agent rather than attorney. The lack of fees directly traceable to the disputed transaction, at a time when fees were billed for legal services, while not dispositive, *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311 (7th Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978), is one such piece of objective evidence. Namesnik and the Whitlows failed to respond with specific facts as required by Rule 56(e). Instead they offered allegations such as "I expected him as my attorney and as my accountant to do things that lawyers and accountants do in these kinds of affairs" (Whitlow Deposition 63), "I considered him to be both my lawyer and my accountant" (Whitlow Deposition 121), "I looked at him as my attorney and accountant ... Let me repeat that Mr. Pappas is a tax attorney, and that's the way I looked at him, sir" (Namesnik Deposition 24), "How it appeared to me is that he was acting in my behalf for my behalf, as my attorney, as my financial advisor" (Namesnik Deposition 57), "My state of mind is always, was always Harry Pappas was acting as my attorney, my accountant and my financial

---

1. We are troubled by the inclusion in the Whitlows' Excerpt of Record of Pappas' July 26, 1983

deposition which was not part of the district court record.

advisor. Whatever was typed above his name was really not important to me at that time. Now that we're into all of these problems, I suppose what's above someone's name I will look at more closely, but at that time, my state of mind, as you put it, Mr. Pappas was working in my behalf and on my behalf at all times as my attorney, my accountant, and my financial advisor" (Namesnik Deposition 64).

The fact that Pappas was at all times pertinent an attorney who had represented Namesnik and the Whitlows is not responsive to the uncontroverted evidence which establishes that as to the transactions in question, Pappas acted as business agent rather than attorney. Namesnik's and the Whitlows' conclusory allegations which reiterate assertions in the pleadings fail to raise genuine issues of material fact requiring a trial. *Angel v. Seattle-First National Bank*, 653 F.2d 1293, 1299 (9th Cir.1981).

AFFIRMED.