**WEST BEND MUTUAL INSURANCE COMPANY, Respondent,**

v.

**Glen ARMSTRONG, individually and father and natural guardian of Charles A. Armstrong, a minor, Darrin G. Hulegaard, Randy W. Dryden, individually and d.b.a. Dryden Construction Company, Theresa M. Hogstad, et al., Respondents,**

**State Farm Mutual Automobile Insurance Company, Appellant.**

**No. C6–87–1614.**

Court of Appeals of Minnesota.

March 8, 1988.

Review Denied May 16, 1988.

1. Minn.R.Civ.P. 53.05(2).

John R. O'Brien, Timothy S. Crom, Marie Darst, Jardine, Logan & O'Brien, St. Paul, for West Bend Mut. Ins. Co.

Robert J. King, Sr., Hvass, Weisman & King, Chtd., Charles E. Spevacek, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Glen Armstrong.

Darrin G. Hulegaard, pro se.

David Sandberg, Butts, Sandberg & Schneider, Forest Lake, for Randy W. Dryden.

Lawrence J. Skoglund, Chadwick, Johnson & Condon, P.A., Minneapolis, for Theresa M. Hogstad, et al.

Charles E. Spevacek, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for State Farm Mut. Auto. Ins. Co.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a declaratory judgment entered in favor of West Bend Mutual Insurance Company. We affirm.

### FACTS

Darrin G. Hulegaard was driving a 1972 GMC pickup when he collided with a car owned by Theresa M. Hogstad. A child in Hogstad's car was severely injured. The child's father and natural guardian, Glen Armstrong, sued Hulegaard, Hogstad, and Hulegaard's employer, Randy Dryden, individually and d.b.a. Dryden Construction Company. Dryden's insurer, West Bend, brought this action against all of the in-

volved parties, seeking a declaration that it owed no coverage to either Dryden or Hulegaard. The trial court found that West Bend had no duty to defend or provide liability coverage for an accident involving a vehicle owned by its insured but not listed in its policy. Armstrong's insurer, State Farm Mutual Automobile Insurance Company,[1] appeals.

### ISSUES

1. Did the trial court clearly err in finding that Dryden, not Hulegaard, owned the vehicle involved in the accident?

2. Did the trial court err as a matter of law in ruling that West Bend did not owe coverage for a vehicle not listed in its policy?

### ANALYSIS

#### I.

■ Registration in the buyer's name creates an irrebuttable presumption that ownership has passed from the seller to the buyer under Minn.Stat. § 170.54 (1982) (vicarious liability statute). *Welle v. Prozinski*, 258 N.W.2d 912, 916 (Minn.1977). Registration in the seller's name, however, creates a presumption rebuttable by extrinsic evidence that the seller is not the owner. *Id.; see also Arneson v. Integrity Mutual Insurance Co.*, 344 N.W.2d 617, 619 (Minn. 1984).

■ In this case, Dryden claimed he sold the 1972 GMC to Hulegaard prior to the accident. Registration remained in Dryden's name, creating a rebuttable presumption of Dryden's ownership. The trial court was entitled to disbelieve Dryden and Hulegaard, particularly after they admitted postdating the sales documents. Such conduct not only undermines their credibility, but also suggests that no actual sale took place before the accident. We cannot say the trial court was clearly erroneous in

finding that Dryden was the owner of the vehicle at the time of the accident.

#### II.

■ The interpretation of an insurance contract is a matter of law. *Iowa Kemper Insurance Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978). A trial court's determination of legal questions is not binding on this court. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ The policy must be read as a whole, and unambiguous language must be given its plain and ordinary meaning. *Henning Nelson Construction Co. v. Fireman's Fund American Life Insurance Co.*, 383 N.W.2d 645, 652 (Minn.1986). Provisions must be read and studied independently and in context with all other relevant provisions and the language of the policy as a whole. *Smitke v. Travelers Indemnity Co.*, 264 Minn. 212, 214, 118 N.W.2d 217, 218 (1962). Construction of an insurance policy which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all of its provisions and is consistent with the general intent. *Wyatt v. Wyatt*, 239 Minn. 434, 437, 58 N.W.2d 873, 875 (1953).

■ There are two provisions that form the basis for this appeal. The insuring clause provides that West Bend will pay Dryden

> all sums which [Dryden] shall become legally obligated to pay as damages because of [bodily injury or property damage] to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use * * * of any automobile * * *.

Attached to the policy is a schedule of "Automobile Liability Hazards." The only vehicle listed is Dryden's 1973 Chevrolet dump truck. Dryden paid $298 to insure

---

1. State Farm was joined in this declaratory judgment action as a party interested in its outcome. Its brief on appeal was submitted on its own behalf and on behalf of Armstrong.

this vehicle. Also attached to the policy is a schedule describing "Insured Highway Vehicles" listing the dump truck for uninsured motorist coverage. The 1972 GMC is not listed anywhere in the policy. The question is whether an unlisted vehicle is covered by the policy.

State Farm argues that the plain, unambiguous language of the insuring clause provides coverage for *any automobile.* It is true that the generic grant of coverage does not specifically include only those automobiles described in the policy schedules. The grant does, contrary to appellant's reading, refer to *ownership* of automobiles. It is unreasonable to assume that West Bend intended to obligate itself to pay damages on owned automobiles without knowing which automobiles are owned.

The purpose of the schedules is to identify which vehicles are owned, and from that to calculate the appropriate premium. *Holm v. Mutual Service Casualty Co.,* 261 N.W.2d 598, 602 (Minn.1977). It is unreasonable for Dryden to expect protection from liability arising from vehicles unreported to West Bend and for which no premium was paid. Under Dryden's interpretation, he could list a single vehicle and receive coverage for an unlisted fleet of dump trucks by virtue of ownership alone.

Appellant argues it is unreasonable to expect Dryden to list a car he did not think he owned. By the same token, it is unreasonable for Dryden to expect coverage for a car he did not intend to insure. The fact is that Dryden owned the car, and he did not list the car in the policy even though he renewed the policy shortly after he bought the car.

The court is not, as appellant argues, engrafting a limitation that is not evident from the contract. Reading the policy as a whole, and giving full effect to all provisions to the extent reasonable, the policy unambiguously covers only those vehicles described in the schedules. Dryden's inter-

pretation would nullify the schedule and lead to an unreasonable interpretation. The trial court correctly ruled that West Bend owed no coverage to Dryden.[2]

Appellant cites two cases for the proposition that we should not restrict coverage since we have refused to broaden coverage in the past. *Holm,* 261 N.W.2d 598; *Benton County Agricultural Society v. St. Paul Surplus Lines Insurance Co.,* 372 N.W.2d 383 (Minn.Ct.App.1985). In *Holm,* the court refused to isolate "police activity" language to expand coverage beyond those persons specifically listed as insureds. *Id.,* 261 N.W.2d at 601–02. In *Benton County,* the court refused to isolate language covering participants in a race because endorsements specifically excluded coverage for that activity. *Id.,* 372 N.W.2d at 385. In both cases, it was concluded that broad terms granting coverage were qualified by specific terms restricting coverage. *Holm* and *Benton County* merely reinforce the rule that policies must be read as a whole, and that language cannot be used in isolation to expand *or* restrict coverage. All provisions are simply read together, giving reasonable meaning to each.

■ Appellant next asserts that the trial court erred in concluding that West Bend does not owe coverage to Dryden's employee, Hulegaard. Although Hulegaard could be an insured under the policy, that fact does not necessarily establish coverage for this accident. This argument fails for the same reason as the previous argument: Dryden's automobile is *not* covered. The question of who is an insured is entirely independent from the question of which vehicle is covered. *See Morris v. Weiss,* 414 N.W.2d 485, 488–89 (Minn.Ct.App. 1987).

■ As to appellant's remaining argument that West Bend's "mistake in drafting" should be construed against it, we

2. This result is consistent with caselaw in other jurisdictions. *See Harbor Insurance Co. v. United States Automobile Ass'n,* 114 Ariz. 58, 61, 559 P.2d 178, 181 (Ariz.App.1976); *D'Angelo v. Cornell Paperboard Products Co.,* 59 Wis.2d 46, 50–51, 207 N.W.2d 846, 849 (1973).

must admit that the policy could have been clearer.[3] Parts of the policy specifically refer to the hazard schedule, and the same language could have been inserted in the insuring clause. However, this omission is insufficient to provide a basis for coverage. The instances of clarity in the policy support the contention that the parties intended to cover only listed automobiles. The trial court correctly concluded that the policy as a whole reveals the intention of the parties to insure only listed automobiles.

## DECISION

Affirmed.

---

**3.** The same argument was considered and rejected by the Arizona supreme court in *Harbor,* 114 Ariz. at 61, 559 P.2d at 181.