799 P.2d 862

FREMONT INDEMNITY COMPANY,
Plaintiff/Appellant,

v.

NEW ENGLAND REINSURANCE COM-
PANY, a foreign corporation,
Defendant/Appellee.

No. 2 CA–CV 89–0237.

Court of Appeals of Arizona,
Division 2, Department B.

April 10, 1990.

Review Granted in Part and Denied in
Part Nov. 14, 1990.

Bury, Moeller, Humphrey & O'Meara by
Marshall Humphrey III and Anna Tor-
riente, Tucson, for plaintiff/appellant.

Browder & Kenney, P.C. by Robert W.
Browder, Phoenix, for defendant/appellee.

## OPINION

LACAGNINA, Judge.

This appeal involves the respective liabili-
ty of Fremont Indemnity Company and
New England Reinsurance Company aris-
ing from policies of insurance covering
claims of legal malpractice made while both
policies were in effect. The trial court
decided cross-motions for summary judg-
ment in favor of New England, requiring
each company to pay one-half of a settle-
ment made with the claimant after required
deductibles and one-half of the cost of de-
fense, based on its finding that the Fre-
mont policy was ambiguous and that be-
cause the "other insurance" provisions of
each policy could not be reconciled and
were mutually repugnant, each provided
primary coverage on a 50/50 pro rata basis.

We disagree with the trial court, finding
the Fremont policy is not ambiguous when
read in its entirety and does not cover the
claim of malpractice except for its share of
the cost of defense and the uncovered de-
ductible required by the New England poli-
cy.

## FACTS

An attorney employed by Lawfirm # 1 in
1982 was sued in May 1985, along with the
lawfirm, by a client alleging malpractice
committed in 1982. The conduct was cov-
ered by a professional liability policy issued
by New England to Lawfirm # 1 effective

October 1984 to October 1985. The attorney, after 1982, became a partner in Lawfirm # 2 and was covered by a policy issued by Fremont to Lawfirm # 2, effective November 1984 to November 1985.

Fremont defended the attorney with a reservation of rights, and New England denied coverage. The underlying malpractice action was settled. Fremont paid the deductible required by the New England policy and, without prejudice to its claim of no coverage, the balance of the settlement was shared equally by Fremont and New England. New England paid one-half the cost of defense. Fremont then sued New England, alleging that New England was liable for the entire settlement above the deductible because its policy only covered indemnification for the deductible required by the New England policy and that the other insurance clause of its policy only provided excess over the coverage of the New England policy. The limits of the New England policy exceed the amount of the settlement.

## STANDARD OF REVIEW

There are no disputed material questions of fact; therefore, we review the judgment of the trial court to determine whether it correctly applied the law to the facts. We are not bound by the trial court's conclusions of law and make our own independent determination of the legal issues presented by the undisputed facts. *TCC Enterprises v. Estate of Erny*, 149 Ariz. 257, 717 P.2d 936 (App.1986); *Arizona Laborers, Teamsters v. Hatco, Inc.*, 142 Ariz. 364, 690 P.2d 83 (App.1984).

## FREMONT'S POLICY PROVISIONS

■ Relevant provisions of the Fremont policy provide the following:

### INSURING AGREEMENTS

**COVERAGE—PROFESSIONAL LIABILITY AND PERSONAL INJURY:**

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages as a result of claims first made against the Insured or any person for whose acts the Insured is legally liable:

A) by reason of any act, error or omission in professional services rendered or which should have been rendered by the Insured or the Insured's employees in the conduct of the Insured's profession as a Lawyer....

\*   \*   \*   \*   \*   \*

### III. TERRITORY AND CLAIMS–MADE PROVISIONS:

This Policy applies to acts, errors, omissions or personal injuries which occur anywhere in the world:

A) during the Policy period and then only if claim is first made during the Policy period, or

B) prior to the effective date of the Policy, provided that:

\*   \*   \*   \*   \*   \*

2) there is no other valid and collectible insurance available to the Insured for any such prior act, error, omission or personal injury; and

3) claim is first made against the Insured during the Policy period.

\*   \*   \*   \*   \*   \*

### CONDITIONS

\*   \*   \*   \*   \*   \*

### II. OTHER INSURANCE:

If the Insured has other insurance against a loss covered by this Policy, the Company shall not be liable under this Policy for a greater proportion of such loss than the Limit of Liability stated in the Declarations bears to the total limit of liability of all valid and collectible insurance against such loss. *However, with respect to professional services rendered prior to the effective date of this Policy, the insurance hereunder shall apply only as excess insurance over any other valid and collectible insurance and shall then apply only in the amount by which the applicable limit of liability of this Policy exceeds the sum of the applicable limit of liability of all such other insurance.* (Emphasis added).

The insuring agreement and conditions are not ambiguous. Fremont agrees to provide coverage for acts that were committed prior to the inception of its policy *only if not covered* by other insurance. If the other insurance is insufficient, then it agrees to provide excess coverage.

No legislative or other public policy objectives are involved under the facts of this case; therefore, general principles of contract law govern the interpretation of the policy. We adopt the principles of construction enunciated in *National Union Fire, Ins. Co. v. Rick*, 134 Ariz. 122, 654 P.2d 56 (App.1982):

> The construction of an insurance contract is a question of law for the court, *Coombs v. Lumberman's Mutual Casualty Company*, 23 Ariz.App. 207, 531 P.2d 1145 (1975), and courts should enforce the insurance contract as made. The insurer should be required to pay damages only on claims intended to be insured against and to answer only for risks intended to be assumed. *Queen Insurance Co. v. Watson*, 31 Ariz. 340, 253 P. 440 (1927); *Harbor Ins. Co. v. United Services Auto Ass'n*, 114 Ariz. 58, 559 P.2d 178 (App.1976). It is not the prerogative of the court to create ambiguities where none exist or to rewrite the contract in an attempt to avoid harsh results.

*Id.* 134 Ariz. at 128, 654 P.2d at 62. Because the terms and conditions of Fremont's policy are clear and unambiguous, we must enforce them as written in order to avoid imposing on it a contractual liability not assumed by the insuring agreement. *Traveler's Indemnity Co. v. State*, 140 Ariz. 194, 680 P.2d 1255 (App.1984); *see Kepner v. Western Fire Ins. Co.*, 109 Ariz. 329, 509 P.2d 222 (1973).

We reject New England's argument that an ambiguity arises from the insuring agreement in Fremont's policy not to cover prior acts already covered by other insurance and its agreement in the "other insurance" clause to provide excess coverage if the other insurance is insufficient to cover the loss. A fair reading of the plain language of the policy results in total protection for the insured rather than any escape from coverage. Nothing in the law prevents Fremont from excepting from coverage liability for prior acts covered by other insurance while at the same time protecting its insured from liability which might arise because the other insurance is insufficient to cover the total loss. We find nothing in the facts or holding of *State Farm Mutual Auto Ins. Co. v. Bogart*, 149 Ariz. 145, 717 P.2d 449 (1986), which requires a contrary result. On the other hand, we find support in the case of *Chamberlin v. Smith*, 72 Cal.App.3d 835, 140 Cal.Rptr. 493 (1977), decided on almost identical facts and interpreting identical policy terms. The court in *Chamberlin* concluded that because the insurer was not required to provide any coverage for acts, errors and omissions occurring prior to the inception of its policy, it was therefore reasonable for the insurer to limit the scope of such coverage.

> Thus, it appears that Reserve's policy affords no coverage for acts or omissions that occurred prior to its policy period if there is other insurance. However, if other insurance does not completely cover the insured's liability, then Reserve's policy provides excess coverage. If acts or omissions occur during the policy period and a claim is also made during the policy period and there is other insurance available, the loss will be prorated between Reserve and the other insurance company.
>
> It is well recognized that an insurance company has an unquestionable right to limit the coverage of the policy issued by it; and, when it has done so, the plain language of the limitation must be respected. When the noncoverage clause appears in clear and conspicuous terms in the policy, it must be given effect.

*Id.* at 850, 140 Cal.Rptr. at 502 (citations omitted).

Although the courts of this state look with disfavor upon insuring agreements which give something and then attempt to take it away by obscure escape clauses, we have yet to hold that valid exceptions to coverage appearing in an insuring agreement are not enforceable. Fremont's poli-

**524**

cy did not cover the attorney's acts committed prior to the inception of its policy when covered by other insurance, and Fremont is liable only for the uninsured deductible required by the New England policy and its share of defense costs.

### NEW ENGLAND'S POLICY

 Section VII—Conditions of New England's policy provides:

> **B–Other Insurance:** This policy shall, subject to the terms, conditions and limitations of this insurance, be in excess of any other valid and collectible insurance available to the Insured, whether such other insurance is stated to be primary, pro rata, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the limits of liability provided in this policy.

Because Fremont's policy was not available to cover the attorney's malpractice, there was no other "collectible insurance available to the Insured" which would make this condition applicable.

We reverse the judgment of the trial court and remand for entry of judgment in favor of Fremont consistent with this opinion.

Fremont's request for attorneys' fees is denied.

FERNANDEZ, C.J., concurs.

LIVERMORE, Judge, dissenting:

Fremont, in its insuring agreement, excludes coverage for prior acts for which there is other insurance but then by way of condition agrees to coverage for losses in excess of that other insurance. New England provides coverage for prior acts but then by way of condition states that its coverage will be excess to any other coverage. To my mind this creates a situation of two policies with repugnant excess clauses. Under well-established Arizona law, each insurer is then obligated to pay a pro-rata share of the settlement or judgment. *State Farm Mutual Automobile Ins. Co. v. Bogart,* 149 Ariz. 145, 717 P.2d

449 (1986). I see no reason to deviate from this result because one insurer chose to limit coverage in the insuring agreement section of the policy rather than the conditions section of the policy.