566 N.W.2d 374 (1997)
MINNESOTA SCHOOL BOARD ASSOCIATION INSURANCE TRUST, Respondent,
v.
Michael DAHL, et al., Defendants,
P.W., a minor, by James and Nancy Weihrauch, her parents and natural guardians, and James and Nancy Weihrauch, individually, Appellants.
No. C4-97-141.
Court of Appeals of Minnesota.
July 22, 1997.
Richard J. Chadwick, Richard A. Koehler, Chadwick & Associates, Chanhassen, for respondent.
Patrick K. Horan, Meshbesher & Spence, Ltd., Woodbury, for appellants.
Considered and decided by SHORT, P.J., and LANSING and KLAPHAKE, JJ.

OPINION
KLAPHAKE, Judge.
Respondent Minnesota School Board Association Insurance Trust (the trust) brought this declaratory judgment action to determine its obligations under an insurance plan. The district court granted the trust's motion for summary judgment, concluding that the *375 plan did not require it to defend a teacher against charges of intentional and unlawful sexual contacts with a minor student. We affirm.

FACTS
Michael Dahl was employed by ISD # 625 as a teacher. P.W., a minor, was a student in Dahl's class and sometimes worked for Dahl as a student aide. P.W. and her parents sued Dahl and ISD # 625, alleging that Dahl had engaged in intentional and unlawful sexual contact with P.W. while acting within the course and scope of his employment.
ISD # 625 and Dahl were covered by the trust's insurance plan. The plan stated generally: "We will cover your employees while they are acting within the scope of their duties." The plan stated as a "special condition":
We will provide liability protection against claims for harm caused by something a teacher does or does not do while
performing his or her duties as a member of your teaching staff. * * * [T]his agreement provides broad liability protection for your teachers * * *.
The district court concluded that the plan did not require the trust to defend Dahl against the claims by P.W. and her parents. P.W. and her parents appealed.[1]

ISSUE
Does the plan provide coverage for acts of sexual misconduct allegedly committed by Dahl while performing his duties as a teacher?

ANALYSIS
A district court may grant summary judgment when the record shows "that there is no genuine issue of material fact and that either party is entitled to judgment as a matter of law." Fabio v. Bellomo, 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). On appeal, this court "view[s] the evidence in the light most favorable to the party against whom judgment was granted." Id. (citation omitted). The interpretation of an insurance contract is a question of law, which this court reviews de novo. Kolby v. Northwest Produce Co., Inc., 505 N.W.2d 648, 650 (Minn.App.1993). If a claim is not "clearly outside coverage," an insurer has a duty to defend. Prahm v. Rupp Const. Co., 277 N.W.2d 389, 390 (Minn.1979).
The trust plan provided coverage for employees while "acting within the scope of" their duties. But appellants do not claim that Dahl committed the alleged acts while "acting within the scope of" his duties. Rather, appellants cite a more specific provision covering a teacher for acts committed "while performing his or her duties" as a teacher.
Appellants argue that Dahl's alleged acts against P.W. were committed "while" Dahl was performing his duties as a teacher. Appellants apparently believe the phrase "while performing" his duties is broader than the phrase "while acting within the scope of" his duties. We disagree.
When interpreting the phrase "scope of employment" for purposes of employer vicarious liability, the supreme court has concluded that an assault must be "related to the duties of the employee." Lange v. National Biscuit Co., 297 Minn. 399, 404, 211 N.W.2d 783, 786 (1973). In P.L. v. Aubert, 545 N.W.2d 666, 668 (Minn.1996), the court concluded that acts of sexual misconduct by a teacher were not related to the duties of the teacher and therefore were not within "scope of employment" for purposes of vicarious liability.
*376 We are unpersuaded by appellants' argument that although the "scope of duties" language in the trust plan limits coverage for ISD # 625 to situations where a teacher's acts are related to his duties, the language "while performing" his duties does not similarly limit coverage for ISD # 625's teachers. Nowhere in the plan is there an expression of intent to make coverage for a teacher's acts broader than coverage for ISD # 625 itself, based on those same acts.
Appellants cite evidence that some of Dahl's alleged acts occurred on school grounds and during school hours. Although some of Dahl's alleged acts may have occurred "while" he was on school premises and "while" school was in session, the plan's use of the term "while" does not cover all acts of a teacher simply because the acts occur within the school's physical and temporal boundaries. The term "while" cannot be read to the exclusion of the remainder of the phrase, which provides coverage for a teacher's acts "while performing" his duties. See Cement, Sand & Gravel Co. v. Agricultural Ins. Co., 225 Minn. 211, 216, 30 N.W.2d 341, 345 (1947) (stating that courts must determine intent of contracting parties by considering words in context); West Bend Mut. Ins. Co. v. Armstrong, 419 N.W.2d 848, 850 (Minn.App.1988) (stating that contract provisions must be read in context), review denied (Minn. May 16, 1988). Thus, on its face, the phrase "while performing" his duties does not cover a teacher's personal activities that are unrelated to his teaching duties. See Slater v. Advance Thresher Co., 97 Minn. 305, 307, 107 N.W. 133, 136 (1906) (construing phrase "in the course of his employment" as "while engaged in the service of the master" or "during the time when the servant is engaged in the performance of the master's work"); cf. Cooper v. Eugene Sch. Dist. No. 4J, 301 Or. 358, 723 P.2d 298, 312-13 (1986) (construing statutory phrase prohibiting teachers from wearing religious dress "while in the performance of * * * duties as a teacher" as including "only those duties which systematically bring the teacher, as a teacher, into contact with students"; i.e., "while dealing directly with children in a teaching or counseling role").
The overall intent of the trust plan is to provide coverage for a teacher's errors or omissions that occur within the course of performing the duties for which the teacher was hired.[2] Dahl's alleged acts could not have occurred "while" he was actually performing the duties for which he had been hired as a teacher. Rather, such acts of alleged sexual misconduct were inconsistent with the teaching duties for which Dahl was hired and could not have occurred while he was performing those teaching duties.

DECISION
The trust plan did not cover Dahl's alleged intentional and unlawful sexual contacts with P.W., and the trust has no duty to defend against the claims brought by P.W. and her parents.
Affirmed.
NOTES
[1] At oral argument, the trust claimed that appellants P.W. and her parents lack standing to appeal. We note that the issue of standing was neither raised nor briefed prior to oral argument, nor has the trust cited any authority for its claim that appellants lack standing to appeal. See Schoepke v. Alexander Smith & Sons Carpet Co., 290 Minn. 518, 519, 187 N.W.2d 133, 135 (1971) (noting that party's assertion of error, without more, is ordinarily inadequate). In light of these facts, as well as appellants' status as party-defendants below and their interest in the controversy, we reject the trust's standing challenge. See Twin Ports Convalescent, Inc. v. Minnesota State Bd. of Health, 257 N.W.2d 343, 346 (Minn.1977) (purpose of standing doctrine is to guarantee sufficient controversy between parties, so that issues may be properly presented to court).
[2] Such covered conduct might include, for example, a drama teacher's decision that results in a stage accident or a science teacher's omission of information that results in an unintended explosion.